THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORY ROSS QUINN,

                    Plaintiff,

          v.

EVERETT SAFE & LOCK, INC., *et al.,*

                    Defendants.

CASE NO. C13-0005-JCC

ORDER REGARDING PARTIES'
MOTIONS IN LIMINE

This matter comes before the Court on Defendants' Motions in Limine (Dkt. Nos. 41 and 49) and on Plaintiff's Motions in Limine (Dkt. Nos. 44 and 50). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES Defendants' Motions in Limine (Dkt. Nos. 41 and 49 (duplicates)) without prejudice. The Court GRANTS Plaintiff's Motions in Limine (Dkt. Nos. 44 and 50 (duplicates)) with regard to exclusion both of Plaintiff's alleged marijuana use and of Plaintiff's previous lawsuit, without prejudice, but DENIES Plaintiff's Motions in Limine (Dkt. Nos. 44 and 50 (duplicates)) with regard to exclusion of Plaintiff's past criminal proceedings, without prejudice, for the reasons explained herein.

## I.    BACKGROUND

Mr. Cory Ross Quinn, a veteran of the Washington Army National Guard, brings this lawsuit against his former employer, Everett Safe & Lock, Inc. (ESL) and its President, Gary Topp, for terminating his employment in violation of the Uniform Services Employment and

Reemployment Rights Act (USERRA) as well the Fair Labor Standards Act (FLSA) and the Washington Minimum Wage Act (WMWA).  (Complaint, Dkt. No. 1.)  Mr. Quinn began working for ESL in 2003, but deployed to Kuwait from November 2003 to February 2005 and deployed to Iraq from August 2008 to October 2009 in his capacity as a National Guard reservist.  (Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 23 at 2.)  After completing his tour in Iraq, Mr. Quinn returned to work for ESL in October 2009.  (*Id.*)  He remained employed with ESL until January 2010, at which point he was terminated for reasons that remain disputed.  (Complaint, Dkt. No. 1 at 2.)

ESL is a company based in Everett, Washington that provides commercial and residential locksmith work.  (Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 23 at 3.)  Plaintiff worked as an outside technician for ESL upon his return from Iraq.  (Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 23 at 3.)  In that capacity, Mr. Quinn provided service to customers on location, using a company van to make dispatch calls.  (*Id.*)  He drove the company van to and from work and left the van parked at his house when he was not working.  (*Id.*)

Approximately two months after returning to ESL in 2009, Mr. Quinn expressed concerns that ESL refused to provide paid break time and required him to park his van at his home while refusing to compensate him for the time spent driving to and from work each day.  (Plaintiff's Motion for Partial Summary Judgment, Dkt. No. 23 at 3.)  To document these concerns about perceived wage and hour issues, Mr. Quinn e-mailed Mr. Topp on December 29, 2009.  (*Id.*)  That e-mail reads in relevant part:

> I'm afraid I'm going to be fired for bringing up the issue about breaks after our shop meeting this Monday the 28th of December 2009. . . . I brought up to you the issue of paid ten minute breaks. You stated you were not required to provide breaks because you had less than 30 employees. I called the department of labor and industries and inquired with them after we spoke. They stated that employers are required to provide two ten minute paid breaks in an 8 hour work period with no exceptions regarding less than 30 employees.

1 (*Id.*)

2        After Mr. Quinn voiced his concerns, Mr. Topp decided to make Mr. Quinn an Inside

3 Service Technician rather than an Outside Technician.  (*Id.*)  Shortly thereafter, in January 2010,

4 Mr. Topp decided that ESL no longer required multiple Inside Service Technicians.  Mr. Quinn's

5 employment was terminated.  (*Id.*)

6        The parties dispute why ESL transferred Mr. Quinn to an Inside Technician position and

7 then subsequently terminated Mr. Quinn's employment.  Defendants point out that ESL faced

8 difficult economic circumstances in 2009 and 2010.  (Defendants' Motion in Limine, Dkt. No.

9 41 at 2.)  According to its records, ESL operated at a loss during 2009 and made only $12,868 in

10 taxable income in 2010 (after Mr. Quinn's termination).   (*Id.*)  Faced with such financial

11 challenges, ESL asserts that it reasonably chose to transfer Mr. Quinn and shut down his van

12 when he expressed concern about parking it at his home, and that it then reasonably chose to

13 terminate Mr. Quinn's new position for economic reasons rather than for retaliatory reasons.

14        Disagreeing with the alleged economic motivations for his termination, Mr. Quinn filed a

15 complaint with the United States Department of Labor (DOL).  (Plaintiff's Motion for Partial

16 Summary Judgment, Dkt. No. 23 at 4.)  The DOL determined that ESL violated federal law

17 when it terminated Mr. Quinn's employment and required ESL to re-employ Mr. Quinn and pay

18 him back wages.  (*Id.* at 5.)  ESL declined to do so.  (*Id.*)  Mr. Quinn then filed the instant

19 lawsuit for violations of USERRA, FLSA, and WMWA.  (Complaint, Dkt. No. 1.)

20        After denying Plaintiff's Motion for Partial Summary Judgment, this Court set the matter

21 for adjudication at a jury trial to commence on October 22, 2014.  Before this Court today are the

22 parties' motions in limine.

23 **II.    DISCUSSION**

24        **A.      Defendants' Motions in Limine –Department of Labor Determination**

25        Defendants request that the Court "exclude at trial all evidence relating to the Department

26 of Labor's prior determination that ESL was in violation of USERRA," on the grounds that

1  Federal Rules of Evidence 402, 403 and 801 bar the admission of such evidence.  (Defendants'

2  Motion in Limine, Dkt. No. 41 at 4.)[1]

3        Defendants' first objection to evidence related to the DOL's prior determination that ESL

4  violated USERRA is that the DOL letter constitutes hearsay, and is thus inadmissible under

5  Federal Rule of Evidence 801.  However, this Court finds that the DOL letter falls under the

6  public records hearsay exception in Federal Rule of Evidence 803(8), as the letter may be

7  characterized as a "factual finding[] from a legally authorized investigation."  Fed. R. Evid.

8  803(8).  Plaintiff correctly points out that while pure interpretations of the law are not admissible

9  under this exception, factual determinations, including factual "opinions" and "conclusions" fall

10  under this exception to the hearsay rule.  *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 162

11  (1988).  The DOL's determination of the reasons motivating Mr. Quinn's termination is a factual

12  conclusion.  *See Ruiz v. Fernandez*, 949 F. Supp. 2d 1055, 1063 (E.D. Wash. 2013) (holding an

13  analogous DOL report admissible as "the report falls within the hearsay exception set forth in

14  Evidence Rule 803(8)").

15        Defendants' second objection is that the letter is not relevant, under Rule 402, because

16  the Department of Labor's determination is not binding on this Court.  (Defendants' Motion in

17  Limine, Dkt. No. 41 at 3.)   However, one of Plaintiff's central allegations is that Defendants'

18  explanation of their decision to fire Plaintiff has varied considerably over the course of the DOL

19  investigation and subsequent litigation, an allegation that raises questions as to the possibility of

20  an un-admitted and unlawful reason for Plaintiff's termination.  Thus, the explanations of the

21  termination provided by Defendants to the DOL during the investigation process, and

22  encapsulated in the letter, are certainly relevant.  Further, if the jury finds that the Defendants'

23  financial justifications for terminating Plaintiff are incredible, then the DOL's determination,

24

---

25  [1] Defendants' second motion in limine, Dkt. No. 49, is a replica of the motion in limine docketed

26  as Number 41.  Hence, these two duplicative motions will be analyzed and ruled upon concurrently.

1   allegedly made without reference to ESL's financial hardship, will be particularly relevant,

2   although, as Defendants state, not conclusive.

3           Defendants' third objection to the letter is that the "probative value is substantially

4   outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury,"

5   barring it under Rule 403.  Defendants argue that there is "significant risk" that the jury will

6   "simply defer to the Department of Labor rather than evaluate the evidence for itself."

7   (Defendants' Motion in Limine, Dkt. No. 41 at 3-4.)  Further, Defendants add that there is

8   "significant danger the jury will be misled by the Department of Labor's finding since the

9   Department of Labor did not have ESL's financials when the Department of Labor made its

10  determination."  (*Id.* at 4.)

11          Plaintiff counters this objection by stating that this alleged deficiency of the DOL's

12  investigation should go to the weight of this letter, not its admissibility, a view with which the

13  Court agrees.  As the Ninth Circuit explained in *Plummer v. Western International Hotels,* "the

14  defendant, of course, is free to present evidence refuting the findings of the EEOC and may point

15  out deficiencies in the EEOC determination . . . Such evidence would go to the weight to be

16  given by the trier of fact to the EEOC determination."[2]  Defendants will be free at trial to

17  emphasize to the jury their view that the DOL determination was based on an incomplete picture

18  of the situation, which, if credibly done, would be sufficiently comprehensible to remove any

19  unfairly or incorrectly prejudicial effects the determination might have on the jury.  Further,

20  Plaintiff avers that ESL had the opportunity to "provide information regarding why Quinn was

21  terminated" during the DOL investigation, but failed to provide financial records to back up their

22  claims of financial hardship when such substantiation was requested by the DOL.  (Plaintiff's

23  Response to Defendants' Motion in Limine, Dkt. No. 42 at 7.)  If true, this would call into

24  question the truthfulness of Defendants' financial justifications for their decision to fire Plaintiff,

25  _____

26  [2] *Plummer v. Western International Hotels Co., Inc.,* 656 F.2d 502, 505 n.9 (9th Cir. 1981) (holding that a reasonable cause determination by the EEOC was per se admissible).

which would militate against the allegedly incomplete, and thus prejudicial, investigation and determination by the DOL.

For the aforementioned reasons, the Court DENIES Defendants' Motions in Limine (Dkt. Nos. 41 and 49), however, without prejudice.

**B.** **Plaintiff's Motions in Limine – Alleged Use of Marijuana, Dismissal of Previous Lawsuit, and Past-Criminal Related Proceedings (Dkt. Nos. 44 and 50)[3]**

1. <u>Potential Questions Regarding Plaintiff's Use of Marijuana.</u>  In light of Defense counsel's series of deposition questions on the topic, Plaintiff requests that the Court prohibit ESL from inquiring as to Plaintiff's alleged use or selling of marijuana.  (Plaintiff's Motion in Limine, Dkt. No. 44 at 2.)  Plaintiff points out that any alleged involvement with marijuana is not, and has never been, put forth by ESL as reason for Plaintiff's termination.  (*Id.*) Thus, Plaintiff states that this inquiry is irrelevant under Rule 401.

Defense responds that this inquiry is relevant, as it goes to their defense of mitigation of damages *qua* Plaintiff's alleged failure to attain reemployment.  With regard to damages, Plaintiff has testified that he failed to attain a position with the Seattle Police Department because ESL communicated to the DOL that he was not a team player.  (Defendants' Opposition to Plaintiff's Motions in Limine, Dkt. No. 46 at 2.)  Defendants counter that the true reason Plaintiff has been unable to reach the interview stage for the various law enforcement, corrections department, and private security positions to which he has applied is his alleged use of marijuana, numerous speeding tickets, and involvement in previous judicial proceedings, one involving improper carriage of a concealed weapon.  (*Id.*)  Thus, the Court finds that Plaintiff's alleged use of marijuana is relevant to Defendants' defenses.

Plaintiff responds that despite this, Rule 403 bars this evidence because Plaintiff's alleged

---

[3] Plaintiff's first and second motions in limine, Dkt. Nos. 44 and 50, are replicas.  Hence, these two duplicative motions will be analyzed and ruled upon concurrently.

1  use of marijuana is substantially more prejudicial to him than it is probative to the Defense.  This

2  Court finds that Plaintiff's use of marijuana could potentially prejudice a jury against him.

3  Further, Defendants do not contend that Plaintiff's alleged marijuana use was known to any of

4  the employers to which he applied other than the Seattle Police Department, and therefore is not

5  particularly relevant to the fact that Plaintiff was rejected from the many other positions to which

6  he applied.  Therefore, the Court GRANTS Plaintiff's motion to exclude reference to his alleged

7  marijuana use, without prejudice, however.

8          2.     <u>Reference to Plaintiff's Prior Lawsuit in Snohomish County</u>.  Plaintiff

9  requests that this Court restrict Defendants from referring to the lawsuit Plaintiff filed and then

10  voluntarily dismissed in Snohomish County Superior Court.  (Plaintiff's Motion in Limine, Dkt.

11  No. 44 at 3.)  Plaintiff asserts that introduction of this event is irrelevant and also would likely

12  confuse the jury as Plaintiff's voluntary dismissal, allegedly necessitated as a condition for the

13  Department of Labor to continue its investigation, could be misinterpreted by the jury to indicate

14  a lack of merit.

15       Defendants respond that preliminary defense of this action in Snohomish County

16  Superior Court costs them $3,567.50 in legal fees, which they imply makes it financially

17  impossible for ESL to rehire Plaintiff, as he requests.  (Defendants' Opposition to Plaintiff's

18  Motion in Limine, Dkt. No. 46 at 2.)

19       The Court is not unsympathetic to the impact that $3,567.50 would have had on

20  Defendants' books, given their yearly income of $12,787.88 in 2010 and $4,046.08 in 2013.

21  (*See id*.)  The financial ability of ESL to reemploy Mr. Quinn is certainly a pertinent issue with

22  regard to the relief Mr. Quinn seeks.  However, it seems that these legal fees, presumably

23  incurred while the Snohomish County suit was in its pendency in 2011, are unlikely to continue

24  to play a major role in ESL's future ability to reemploy Mr. Quinn, at the end of 2014 at the very

25  earliest.  Further, it appears to this Court that if the coffers of ESL are in the condition asserted

26  by Defendant, then this financial inability to reemploy could be readily established with alternate

1  evidence.  Meanwhile, the evidence regarding the legal fees incurred in the previously

2  voluntarily-dismissed law suit seems likely to confuse the jury.  Thus, the Court GRANTS

3  Plaintiff's motion to exclude reference to the past lawsuit, without prejudice, however.

4          3.    <u>Reference to Plaintiff's Past Criminal Proceedings.</u>  During discovery,

5  Defendants discovered that Plaintiff had been party to several judicial proceedings, including a

6  prosecution for improper carriage of a concealed firearm.  (Plaintiff's Motion in Limine, Dkt.

7  No. 44 at 3-4. *See also* Declaration of Manish Borde, Dkt. No. 28, Ex. 2 at 31-33.)  Plaintiff

8  claims that because none of these proceedings occurred within the last ten years, resulted in any

9  form of conviction for a crime of dishonesty, or exposed him to imprisonment for over a year,

10  they are inadmissible under Federal Rules of Evidence 404(b) and 609.

11      As Plaintiff himself points out, Defendants will use the evidence of Mr. Quinn's past

12  criminal proceedings, if at all, as evidence to support their explanation of Mr. Quinn's inability

13  to find reemployment, rather than for impeachment purposes.  Thus, Rule 609 is not on point.

14  Nor is Rule 404(b)– as Rule 404(b)(2) itself states that "evidence may be admissible for another

15  [non-propensity] purpose," such as failure to mitigate damages.  Thus, the Court cannot grant

16  Plaintiff's motion to bar inquiry into his past criminal proceedings on Rule 404(b) or Rule 609

17  grounds.

18      Plaintiff makes no argument that these past criminal proceedings should be excluded on

19  either Rule 402 or Rule 403 grounds.  Thus, the Court DENIES Plaintiff's motion to exclude

20  reference to any of his past criminal proceedings, however, without prejudice.

21  **III.   CONCLUSION**

22      For the foregoing reasons, Defendants' Motions in Limine (Dkt. Nos. 41 and 49

23  (duplicates)), are DENIED without prejudice.  Plaintiff's Motions in Limine (Dkt. Nos. 44 and

24  50 (duplicates)) are GRANTED without prejudice with regard to exclusion of reference to

25  Plaintiff's alleged marijuana use and to Plaintiff's previous lawsuit, but are DENIED without

26  prejudice with regard to exclusion of Plaintiff's past criminal proceedings.

1    DATED this 15th day of October 2014.

2

3

4

5

6

7

8            John C. Coughenour
             UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REGARDING PARTIES' MOTIONS IN
LIMINE
PAGE - 9